Rogers, J.
Substantially the following appears from the records in this ease:
The defendant in error checked his valise with the plaintiff in error, a corporation engaged in the business of acting as bailee of packages for hire, to be retained and re-delivered when called for. Upon calling for the luggage the bailee was unable to deliver the same to the bailor, having already delivered the package to a stranger without the bailor’s consent. Thereupon the bailor sued the bailee in the municipal court of this city for the value of the articles contained in the package, $167.50. The defendant- below at the time he received the package delivered to the plaintiff, or rather to his wife, a check or ticket termed a "Package rooih check,” on the one side of which were these words: "See conditions on back,” and on the other side were these words: "The person accepting this check hereby agrees, in consideration of the low rate at which it is issued, that no claim in excess of $25 shall be made against the Union Depot Company for the loss of, or injury to, any package, valise or other article which may be deposited with it for which this check has been issued.” The attention of the plaintiff’s wife was not called to the printed matter on the check nor did she observe its contents. The case was heard on an agreed statement of facts substantially as above given, and the restrictive liability as recited in the ticket was pleaded by the defendant and relied on as a defense. The court rendered judgment in favor of the plaintiff for the full amount claimed. Error is prosecuted to this judgment and the main question is as to whether the plaintiff was entitled to recover not to exceed $25 with his costs, and that the judgment was excessive.
*143 The principal question is as to whether the circumstances as disclosed by the undisputed facts show that there was an agreement whereby defendant’s liability, in ease of loss, was to be restricted to $25. In other words, whether the restrictive clause in the ticket or check delivered to the wife of the plaintiff, without anything having been said by either party with regard to the terms of the bailment or the contents of the ticket, or any notice taken of it by the wife, became a part of their agreement of bailment so as to limit the liability to $25 in case of loss of the valise.
Two views diametrically opposed to each other have been taken by courts on this question. In Terry v. Southern Railway Company, 81 S. C., 289, it is in effect held that the bailee may limit its liability by such a provision on a cheek or ticket delivered to the bailor. AVhereas in Healy v. N. Y. Cent. Ry. Co., 153 App. Div., 516, 138 N. P. Supp., 287, affirmed in 210 N. Y., 646, without opinion, the contrary is held to be the law. Moreover, in Ohio in Railroad Company v. Campbell, 36 O. S., 647, it is held that,
“AVords on a railroad ticket or baggage check limiting the liability of carrier to a specific amount for loss of baggage, are not binding on the passenger, unless, with knowledge of such limitations, he agrees to it.”
Apparently in the above case by the restrictive provisions' it was contemplated only to affect the amount of liability, in ease the carrier was liable under the law, and not to limit the carrier’s common law liability itself, or deprive the passenger of any legal ground of recovery theretofore existing in his favor, in case of loss. So in the instant case the object of the provision on the ticket was not to take away any ground of recovery vouchsafed by the common law to the depositor, in case of loss, but only to limit the maximum amount recoverable. The effect of the stipulation was intended merely to liquidate the damages, and leave the right to recover damages undisturbed. In the case of the carrier as well as of the depositary, the object of the restriction is the same in both, namely, to effect an agree *144 ment beforehand, as to the amount of damages recoverable in ease of loss or injury to the bailment. Iielice, if such an agreement is not effected in case of the carrier by the mere delivery of the ticket and. baggage check containing the limitations, unless with knowledge of the limitations the passenger agrees thereto, I see no reason for holding that such an agreement subsists between the depositor of the article and the depositary by the mere delivery of the cheek by the latter to the former containing the limitation printed thereon although the depositor’s attention is not called to the matter nor apparently does he assent thereto. The case of the carrier and the depositary is that of bailment, the one known in the law as locatio operis mercium vebendarum, and the other localio cuslodiae. The only difference between them in the matter of liability is the difference in the care to be exercised by each. I see no reason to lay down one principle of law governing the liability in the one kind of bailment as to what shall constitute an agreement as between bailor and bailee, and another principle governing the bailor and bailee in the other kind of bailment: One of the fundamentals of our jurisprudence is to bring about uniformity in decisions, and not to have one rule to govern in one case and another rule to govern in another case of a same or similar character.
Accordingly I find no error in the proceedings and judgment of the municipal co.urt, and the same is affirmed with costs and the case remanded. Exceptions.